UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>   Plaintiff,<br><br>    v.<br><br>SAN QUENTIN STATE PRISON, *et al.*,<br><br>   Defendants. | Case No. 14-cv-02498-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Plaintiff states that his legal materials have been confiscated by prison officials. Allegations of destruction or confiscation of legal documents may state a claim for denial of access to the courts. *See Morello v. James*, 810 F.2d 344, 346-348 (2d Cir. 1987). The state is constitutionally required to provide affirmative assistance to pro se litigants, *see Bounds v. Smith*, 430 U.S. 817, 828 (1977), and cannot satisfy this obligation by providing a prisoner access to the legal resources necessary to prepare his case and then deprive him of his work product, *see Morello v. James*, 810 F.2d at 346-48. A plaintiff must allege an "actual injury" to court access, however, which consists of a specific "instance in which an inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. *See id*.; *see, e.g., Jenkins v. McMickens*, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned to conclusory to support claim of denial of access to court).

Plaintiff states that defendants confiscated 23 boxes of his legal materials that contained his appeal and trial evidence. However, plaintiff does not describe the specific legal materials that were taken, how he was denied access to the courts and what legal injury he has suffered. The complaint will be dismissed with leave to amend to provide additional information.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

02. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
JAMES DONATO
United States District Judge

14-cv-02498-JD-_dwlta