1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   MICHAEL ANGELO LENA,                        Case No.  14-cv-02498-JD

           Plaintiff,

8
           v.                                   **ORDER OF DISMISSAL**

9
    SAN QUENTIN STATE PRISON, et al.,            Re: Dkt. Nos. 11, 15

10
           Defendants.

11

12

13          Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The

14  original complaint was dismissed with leave to amend and plaintiff has filed an amended

15  complaint.

16                                   **DISCUSSION**

17  **I.      STANDARD OF REVIEW**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20  § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

21  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22  monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

23  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24  Cir. 1990).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26  claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

27  factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

28  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

United States District Court
Northern District of California

1    cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

2    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4    face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

5    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7    should assume their veracity and then determine whether they plausibly give rise to an entitlement

8    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

12   **II.    LEGAL CLAIMS**

13         Plaintiff states that his legal materials have been confiscated by prison officials.

14   Allegations of destruction or confiscation of legal documents may state a claim for denial of

15   access to the courts.  *See Morello v. James*, 810 F.2d 344, 346-348 (2d Cir. 1987).  The state is

16   constitutionally required to provide affirmative assistance to pro se litigants, *see Bounds v. Smith*,

17   430 U.S. 817, 828 (1977), and cannot satisfy this obligation by providing a prisoner access to the

18   legal resources necessary to prepare his case and then deprive him of his work product, *see*

19   *Morello v. James*, 810 F.2d at 346-48.  A plaintiff must allege an "actual injury" to court access,

20   however, which consists of a specific "instance in which an inmate was actually denied access to

21   the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).  Only if an actual injury is

22   alleged does a plaintiff state a claim for which relief can be granted.  *See id.*; *see, e.g., Jenkins v.*

23   *McMickens*, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents

24   pertaining to pending trial confiscated and not returned to conclusory to support claim of denial of

25   access to court).

26         Plaintiff has submitted a 128 page amended complaint that names as defendants several

27   prison officials, prosecutors, appointed defense attorneys at trial and on appeal, superior court

28   judges and a judge of the California Court of Appeal.  He alleges that the defendants were engaged

*United States District Court*
*Northern District of California*

2

in a vast conspiracy to illegally convict him in Marin County after he was extradited from Canada following an illegally obtained conviction in that country.  He states that defendants confiscated 23 boxes of his legal materials that contained his appeal and trial evidence regarding his Marin County and Canadian convictions.  The original complaint was dismissed with leave to amend so plaintiff could describe how he was denied access to the courts and what legal injury he suffered.  Plaintiff has failed to cure these deficiencies in his amended complaint.

Plaintiff presents many conclusory allegations that the boxes of legal materials that were taken contained important evidence that he was framed in Canada and in Marin County.  These allegations are insufficient under *Iqbal*.  Simply stating that he has evidence showing that jurors and the judge were biased, or that DNA evidence was falsified, without credibly describing the evidence, is not enough.  That the trial judge denied many of his motions does not support his allegations of bias and a conspiracy.  Moreover, plaintiff spends a great deal of time describing his illegal Canadian conviction and the evidence pertaining to that case, but it is not clear how that relates to his Marin County conviction.  Plaintiff's allegations fail to state a claim because he has not sufficiently described a denial of access to the courts that resulted in an actual injury due to the confiscation of his legal materials.

### CONCLUSION

1.    The complaint is **DISMISSED** with prejudice for failure to state a claim.

2.    Plaintiff's motions (Docket Nos. 11, 15) are **DENIED**.

3.    The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated:  December 2, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7      MICHAEL ANGELO LENA,                    Case No.  14-cv-02498-JD
                    Plaintiff,
8
9               v.                             **CERTIFICATE OF SERVICE**

10     SAN QUENTIN STATE PRISON, et al.,
                    Defendants.
11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
       District Court, Northern District of California.
13

14          That on 12/2/2014, I SERVED a true and correct copy(ies) of the attached, by placing said
       copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15     said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
       located in the Clerk's office.
16

17     Michael Angelo Lena ID: AN9205
       High Desert State Prison
18     P.O. Box 3030
       Susanville, CA 96127
19

20

21     Dated: 12/2/2014

22

23                                             Richard W. Wieking
                                               Clerk, United States District Court
24

25

26                                             By: _Lisa R. Clark_____
                                               LISA R. CLARK, Deputy Clerk to the
27                                             Honorable JAMES DONATO

28

                                               4